IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIM NAGEL,

      Plaintiff,      Case No. 3:09 CV 828

 -vs-

                 O R D E R

LIMA REFINING CO., et al.,

      Defendant.

KATZ, J.

This matter is before the Court on Defendant's Motion for Taxation of Costs (Doc. No. 112), Plaintiff's Response (Doc. No. 113), and Defendant's Reply (Doc. No. 114). For the reasons stated below, the motion will be granted in part and denied in part.

**BILL OF COSTS**

The Court granted Defendant summary judgment on all of Plaintiff's claims. Pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"), Defendant requests that $5,293.00 be taxed as costs to Plaintiff. The Federal Rules provide, in relevant part, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d). 28 U.S.C. § 1920 provides six items that a court may tax as costs: clerk and marshal fees, fees of a court reporter for transcription necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, section 1923 docket fees, and compensation of court appointed experts, *et al.* The Sixth Circuit has determined that the Rule 54(d) establishes "a norm of action: prevailing parties are entitled to their costs as of course." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986).

Defendant in the instant action requests reimbursement for the costs of the court reporter for all or any part of the transcript necessarily obtained for use in this case. In support of its totals, Defendant has submitted a declaration from counsel attesting that the submitted costs are correctly stated, were necessarily incurred in the case, and were charges for services actually and necessarily performed (Doc. No. 112-1) as well as copies of the relevant invoices (Doc. No. 114-1). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

Defendant has requested costs it incurred for copies of ten deposition transcripts. Plaintiff objected to the entire bill of costs because Defendant failed to attach receipts justifying the amounts requested. However, Defendant attached receipts reflecting the amounts requested to its Reply. Doc. No. 114-1. Plaintiff makes no other attack on a general award of costs. Thus, the Court will award costs to Defendant.

Next, Plaintiff questioned whether each deposition transcript was necessarily obtained for use in the case. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales*, 873 F.2d at 120 (citation omitted). Further, "[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quotation omitted) (alteration in original).

Plaintiff claims that Defendant must not have deemed several of the depositions necessary because Plaintiff scheduled them. Additionally, Plaintiff claims, Defendant could have depended upon declarations for these witnesses, as it did for several others. The Court is not persuaded by

the idea that Defendant would not think it necessary to have a copy of the deposition testimony of witnesses Plaintiff thought necessary. *See Nye v. CSX Transp., Inc.*, 2005 WL 1126754 (N.D. Ohio) ("Such arguments are disingenuous given that plaintiffs themselves sought and noticed each of these depositions"). Thus, Plaintiff has failed to persuade the Court that any of the deposition transcripts Defendant requested were not "reasonably necessary" and thus, Defendant will be granted all costs taxable for those transcripts.

Finally, Plaintiff notes that certain expenses associated with deposition transcripts may not be taxed - for example, postage. *King v. Gowdy*, 268 Fed. Appx. 389, 391 (6th Cir. 2008). From the submitted invoices, it is apparent that Defendant included a shipping charge of $7.50 in the amount submitted for the deposition of Plaintiff. That cost will not be allowed.

**CONCLUSION**

For the reasons stated above, Defendant's motion to tax costs against Plaintiff is granted (Doc. No. 112) in the amount of $5,285.50.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE